COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-040-CR

 

 

TIMOTHY
E. LONG                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Timothy E. Long of
aggravated sexual assault of a child under age fourteen and indecency with a
child by contact.  See Tex. Penal
Code Ann. ' 21.11(a)(1) (Vernon 2003), '
22.021(a)(2)(B) (Vernon Supp. 2008). 
Long pleaded true to the sexual offender notice enhancement allegation
in the indictment, and the trial court sentenced him to life imprisonment for
the aggravated sexual assault offense and thirty-five years=
confinement for the indecency offense. 
In a single issue, Long argues that the State=s
attorney made improper jury argument at the guilt phase that substantially
prejudiced his right to a fair trial. 
Specifically, he complains that the following argument made by the State=s
attorney was intended to create a false impression in the minds of the jury and
amounted to a comment on his decision not to testify:

Now, Defense Counsel
chose to put on a case.  She chose to put
on the forensic interviewer.  And who she
didn=t call, was she did not
show you anyone who could come up here - - no family member who could come up
here and say he was a good man.  You didn=t hear anybody come up
here and say he was incapable of doing this.

 








Long concedes that defense counsel did not lodge
an objection to the complained-of argument, but he argues that the jury
argument amounted to plain error.  It is
well established that when a defendant fails to object to a jury argument or
fails to pursue an objection to a jury argument to an adverse ruling, he
forfeits his right to complain about the argument on appeal.  See Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997); see
also Threadgill v. State, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004)
(reaffirming Cockrell); Ladd v. State, 3 S.W.3d 547, 569B70 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000); Rousseau v.
State, Nos. 11-07-00157-CR, 11-07-00158-CR, 2009 WL 141857, at *2 (Tex.
App.CEastland
Jan. 22, 2009, pet. filed) (mem. op., not designated for publication) (applying
Cockrell in appeal from convictions for aggravated sexual assault and
indecency with a child).  Because Long
did not object to the State=s
argument, he failed to preserve this issue for appellate review.  See Cockrell, 933 S.W.2d at 89.  We overrule Long=s sole
issue and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  MEIER, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 20, 2009











[1]See Tex. R. App. P. 47.4.